**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Hector Lopez, ) | |
| ) | Civil Action No. 6:06-cr-00503-JMC-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Hector Lopez's ("Petitioner") Motion to Vacate ("Motion") pursuant to 28 U.S.C. § 2255 [Dkt. No. 158]. For the reasons set forth below, the court **DENIES** Petitioner's Motion.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was indicted on May 9, 2006 for various drug-related charges [Dkt. No. 21]. He was arrested on April 3, 2006 [Dkt. No. 1] and pled guilty to counts I, II, and IV-VI (count III was dismissed) on September 25, 2006 [Dkt. No. 78]. Judge Henry Floyd sentenced Petitioner to 180 months incarceration on January 17, 2007 [Dkt. No. 100].

Petitioner filed his first habeas motion under 28 U.S.C. § 2255 on November 21, 2006 [Dkt. No. 65]. Because that petition was filed before his sentencing, the court found the motion to be premature and dismissed it without prejudice [Dkt. No. 73]. Petitioner did not file another § 2255 petition until January 20, 2009, in which he claimed that he received ineffective assistance of counsel [Dkt. No. 114]. After the Government responded [Dkt. No. 67], the court found the petition was filed after the one-year period of limitation, and therefore was time-barred under 28 U.S.C. § 2255(f) ("[a] 1-year period of limitation shall apply to a motion under this

1

section"). The court dismissed the petition [Dkt. Nos. 120, 121] with prejudice and informed Petitioner of his right to appeal. Petitioner filed a Notice of Appeal with the Court of Appeals for the Fourth Circuit on September 24, 2009 [Dkt. No. 123]. The Court of Appeals issued an opinion finding that Petitioner did not make the requisite showing of the denial of a constitutional right, and hence the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal [Dkt. No. 128].

Petitioner filed the instant Motion to Vacate ("Motion") on October 9, 2012 [Dkt. No. 158] pursuant to 28 U.S.C. § 2255. The Motion alleges that he has four grounds for habeas relief: (1) ineffective assistance of counsel; (2) illegal search and seizure at the time of his arrest; (3) violation of Petitioner's Fifth Amendment rights at the time of his arrest; and (4) issues related to Petitioner's alleged inability to understand the interpreter. Petitioner does not address the timeliness of his petition or discuss that this is a subsequent petition.

## STANDARD OF REVIEW

Generally, prisoners are limited to only one petition for habeas relief under § 2255. 28 U.S.C. § 2244(a). If the first petition was adjudicated on the merits, then successive petitions are not allowed unless certified by the Court of Appeals. *Id.* Based on the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitions that are dismissed because they were time-barred have been adjudicated on the merits. 28 U.S.C. § 2244(d)(1). Filing an original petition after the period of limitation is a "permanent and incurable" bar that cannot be corrected by a successive petition, therefore a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346, F.3d 55, 61 (2d Cir. 2003) (citation omitted); *see also Stapleton v. United States*, 392 F. Supp. 2d 754, 756-757 (W.D. Va. 2005).

A habeas claim under § 2255 is successive if it either was raised or could have been raised in the original petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). If a petitioner wants to bring a successive petition, it must be certified by the appropriate Court of Appeals. 28 U.S.C. § 2255(h). The only reasons a court of appeals may certify a successive petition is if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.*

## DISCUSSION

Here, Petitioner filed a previous habeas petition that was dismissed approximately two years before the instant Motion. This initial petition was dismissed as time-barred and therefore is considered to be adjudicated on the merits. *Villanueva*, 346 F.3d at 61.[1]

Moreover, the claims asserted in the Motion either were or could have been brought in the previous petition, thereby making this Motion successive of the first. All Petitioner's claims are based on facts or evidence that was previously available to Petitioner when he filed his initial petition and some were in fact discussed in his first petition. Because the Motion is successive of the initial petition, it requires certification by the Court of Appeals to be eligible for review. 28 U.S.C. § 2244(a). However, this subsequent petition has not been certified by the Court of Appeals for the Fourth Circuit, and therefore it is not eligible for review on the merits. 28 U.S.C.

---

[1] Even if the instant Motion was not a successive petition, it would be time-barred under the AEDPA, and consequently denied. 28 U.S.C. § 2255(f). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United* States, 537 U.S. 522, 532 (2003). Because Petitioner did not seek review with the Supreme Court, his deadline to file a § 2255 motion to vacate was January 8, 2009. Petitioner's Motion was filed on October 9, 2012, about three years and nine months after the statute of limitations for the filing had expired.

§ 2255(h). Without this certification from the Court of Appeals, a district court lacks jurisdiction to consider the validity of Defendant's sentence. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Accordingly, Petitioner's Motion to Vacate is **DENIED** with prejudice.

**ORDERED** that a certificate of appealability is denied because Lopez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 5, 2013

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.